UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:23-cv-61203-AHS

THE SMILEY COMPANY SPRL,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

**DECLARATION OF RICHARD GUERRA IN SUPPORT OF PLAINTIFF'S**
***EX PARTE* MOTION FOR ENTRY OF TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION, AND ORDER RESTRAINING TRANSFER OF ASSETS**

    I, Richard Guerra, declare and state as follows:

    1.    I am over 18 years of age and I have personal knowledge of the facts set forth herein. I make this declaration in support of Plaintiff's *Ex Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets (the "Motion for TRO"). If called upon to do so, I could and would competently testify to the following facts set forth below.

    2.    I am counsel of record for Plaintiff, The Smiley Company SPRL ("Smiley" or "Plaintiff").

    3.    The Defendants identified in Schedule A to the Complaint use money transfer and/or retention/processing services with PayPal, Inc. ("PayPal"), or have their payments processed on their behalf using an aggregate escrow account as a method to receive monies generated through the sale of counterfeit and infringing goods. These escrow accounts are held in

the name of various financial institutions, including but not limited to AliExpress, Alipay, DHGate, Dhpay, Joom, Wish, Wishpay, Amazon, Amazon Pay, Red Bubble, Ebay, Etsy, and/or Taobao.

4.	Despite their known lack of authority to do so, Defendants are promoting and otherwise advertising, distributing, selling and/or offering for sale, through their respective Seller IDs, goods using counterfeit and infringing trademarks and unauthorized reproductions and derivative works without authorization ("Defendants' Goods").  Attached hereto as Schedule "D" are representative web page captures from Defendants' Internet based e-commerce stores operating under the Seller IDs.[1]

5.	As part of its ongoing investigation regarding the sale of counterfeit and infringing products, Plaintiff hired a third party investigatory to access Defendants' Internet based e-commerce stores operating under each of the Seller IDs. The third-party investigator-initiated orders from each Seller IDs for the purchase of various products, all bearing, or suspected of bearing, counterfeits of, at least one of the Smiley Marks or Copyrighted Works, and requested each product to be shipped to an address in the Southern District of Florida. Accordingly, Defendants' Goods are being promoted, advertised, offered for sale, and sold by Defendants within this district and throughout the United States.

6.	Defendants are making substantial sums of money by preying upon members of the general public, many of whom have no knowledge Defendants are defrauding them.  Defendants are also falsely representing to consumers that their counterfeit and infringing branded goods are genuine, authentic, endorsed, and authorized by Plaintiff. Ultimately, Defendants' Internet

---

[1] Due to the number of Defendants identified in Schedule "A" to the Complaint, the attached Schedule "D" does not set forth all of the evidence gathered for each Defendant.  The declarant nevertheless certifies that similar evidence was obtained and reviewed for each and every Defendant identified in Schedule "A."  This comprehensive list of evidence can be immediately provided to the Court under seal upon request.

activities infringe on Plaintiff's rights. The Seller IDs and associated payment accounts are a substantial part of the means by which Defendants further their scheme and cause harm to Plaintiff.

7. Absent a temporary restraining order without notice, Defendants can and will significantly alter the status quo before the Court can determine the parties' respective rights. In particular, the e-commerce stores at issue are under Defendants' complete control. Thus, Defendants have the ability to change the ownership or modify e-commerce store data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership rights to the Seller IDs. Such modifications can happen in a short span of time after Defendants are provided with notice of this action. Thus, Defendants can easily electronically transfer and conceal the funds sought to be restrained if they obtain advance notice of Plaintiff's Motion for Temporary Restraining Order and thereby thwart the Court's ability to grant meaningful relief and eviscerate the status quo.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of June, 2023, at Miami, Florida.

　　　　　　　　　　　　　　　　　　　　　　　/Richard Guerra/
　　　　　　　　　　　　　　　　　　　　　　　Richard Guerra