UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-61203-CIV-SINGHAL

THE SMILEY COMPANY SPRL,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.

_____/

## ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON DEFENDANTS UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)

**THIS CAUSE** is before the Court on Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) (DE [8]).

Plaintiff seeks an order granting alternate service of process on the Defendants, the Individuals, Partnerships, and Unincorporated Associations Identified in Schedule "A" attached to the Complaint (collectively "Defendants"), all of which, upon information and belief, are residing and/or operating outside of the United States. Plaintiff alleges that Defendants have established Internet-based businesses and utilize electronic means as reliable forms of contact. Therefore, Plaintiff seeks to serve Defendants by both e-mail and website posting. For the reasons discussed below, the Court grants the Motion.

Federal Rules of Civil Procedure 4(h)(2) defines the contours of service on foreign corporations and incorporates the service methods set forth for individuals in Rule 4(f). Rule 4(f)(3), in turn, provides that service may be accomplished "by other means not

prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Alternate methods of service under Rule 4(f)(3) are available without first attempting service by other means. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); *see also De Gazelle Grp., Inc. v. Tamaz Trading Establishment*, 817 F.3d 747, 750 (11th Cir. 2016) ("If a party cannot, or chooses not to, serve a defendant abroad using one of the methods specified in Rule 4(f)(1) and (2), the party may accomplish service 'by other means not prohibited by international agreement, as the court orders.'" (quoting Fed. R. Civ. P. 4(f)(3)). "So especially in a circumstance where service upon a foreign corporation under Rule 4(f)(1) or 4(f)(2) has been cumbersome, district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." *Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc.,* 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)).

For the following reasons, the Court finds that alternate service of process under Rule 4(f)(3) is warranted. First, the Hague Convention does not specifically preclude service by e-mail and website posting. Where a signatory nation has objected to the alternate means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or website posting. *See Stat Med. Devices, Inc. v. HTL-Strefa, Inc.,* 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternate forms of service set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 16,

is limited to the specific forms of service objected to). A court acting under Rule 4(f)(3) therefore remains free to order alternate means of service where a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra,* 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Accordingly, the requested service methods are not prohibited by international agreement.

Second, Defendants have at least one known and valid form of electronic contact, and Plaintiff has created a website for the sole purpose of providing notice of this action to Defendants, the address to which will be provided to Defendants' known e-mail accounts and onsite contact forms. Therefore, service via e-mail and through posting on a designated website is "reasonably calculated, under all the circumstances, to apprise [Defendants] of the pendency of the action and afford [them] an opportunity to present their objections." *See Brookshire Bros., Ltd.*, 2007 WL 1577771, at *1 (quoting *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). Thus, the Court will exercise its discretion to allow service on Defendants through e-mail and website posting. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) (DE [8]), is **GRANTED**.

2. In accordance with Rule 4(f)(3), Plaintiff is permitted to serve the Summons, Complaint, and all pleadings, filings, and discovery on each Defendant:

    a. by providing the address to Plaintiff's designated serving notice website to each Defendant via the e-mail accounts provided by

    that Defendant (i) as part of the data related to its domain name, including customer service e-mail addresses and onsite contact forms, or (ii) via the registrar of record for each of its domain names for each of its websites operating under its Subject Domain Name. *See* Schedule "A" attached to the Plaintiff's Complaint (DE [1]), which lists Defendants' Seller IDs and associated e-commerce marketplace platform; **and**

b. by publicly posting copies of the Summonses, Complaint, and all pleadings, filings, and discovery on Plaintiff's designating service notice website appearing at:

https://www.dropbox.com/scl/fo/sefaaeo184kglzl5vndtb/h?dl=0&rlkey=k6ihu9whudejodx2m10ride8d

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 29th day of June 2023.

                                                              _____
                                                              RAAG SINGHAL
                                                              UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF