UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 0:23-cv-61203

The Smiley Company SPRL,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

    Defendants.    /

Answering Defendants, Pogah, OVOY Inc., Likorh, UTOWO, and TuopuSiLe (hereinafter, the "Defendants"), by and through their attorneys, J. Zhang and Associates, P.C., as and for its Answer to the Complaint filed in the above-captioned action, state as follows:

## NATURE OF THE ACTION

1. Deny the allegations set forth in Paragraph 18 of the Complaint and leave Plaintiff to prove.

2. Lack sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 2 of the Complaint and thereby deny the same.

3. Lack sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 3 of the Complaint and thereby deny the same.

## JURISDICTION AND VENUE

4. Lack sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 4 of the Complaint and thereby deny the same.

5. Admit the allegations set forth in Paragraph 5 of the Complaint.

6. Lack sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 6 of the Complaint and thereby deny the same.

7. Lack sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 7 of the Complaint and thereby deny the same.

8. Lack sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 8 of the Complaint and thereby deny the same.

THE PLAINTIFF

9. Lack sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 9 of the Complaint and thereby deny the same.

10. Lack sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 10 of the Complaint and thereby deny the same.

11. Lack sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 11 of the Complaint and thereby deny the same.

12. Lack sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 12 of the Complaint and thereby deny the same.

13. Admit that Answering Defendants both reside in the People's Republic of China that have sold goods, in ecommerce, into Illinois. Defendants deny any remaining allegations in Paragraph 13.

14. Deny the allegations set forth in Paragraph 13 of the Complaint and leave Plaintiff to prove.

15. Lack sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 15 of the Complaint and thereby deny the same.

16. Lack sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 16 of the Complaint and thereby deny the same.

## THE DEFENDANTS

17. Admit answering Defendant reside and/or operate in the People's Republic of China, and deny the remaining allegations set forth in Paragraph 17 of the Complaint and leave Plaintiff to prove.

18. Deny the allegations set forth in Paragraph 18 of the Complaint and leave Plaintiff to prove.

19. Deny the allegations set forth in Paragraph 19 of the Complaint and leave Plaintiff to prove.

20. Deny the allegations set forth in Paragraph 20 of the Complaint and leave Plaintiff to prove.

21. Deny the allegations set forth in Paragraph 21 of the Complaint and leave Plaintiff to prove.

22. Deny the allegations set forth in Paragraph 22 of the Complaint and leave Plaintiff to prove.

23. Deny the allegations set forth in Paragraph 23 of the Complaint and leave Plaintiff to prove.

24. Deny the allegations set forth in Paragraph 24 of the Complaint and leave Plaintiff to prove.

## GENERAL FACTUAL ALLEGATIONS

### Smiley's Intellectual Property Rights

25. Lack sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 25 of the Complaint and thereby deny the same.

26. Lack sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 26 of the Complaint and thereby deny the same.

27. Lack sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 27 of the Complaint and thereby deny the same.

28. Lack sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 28 of the Complaint and thereby deny the same.

29. Lack sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 29 of the Complaint and thereby deny the same.

30. Lack sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 30 of the Complaint and thereby deny the same.

31. Lack sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 31 of the Complaint and thereby deny the same.

32. Lack sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 32 of the Complaint and thereby deny the same.

33. Lack sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 33 of the Complaint and thereby deny the same.

34. Lack sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 34 of the Complaint and thereby deny the same.

35. Lack sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 35 of the Complaint and thereby deny the same.

**Defendants' Counterfeiting and Infringing Conduct**

36. Deny the allegations set forth in Paragraph 36 of the Complaint and leave Plaintiff to prove.

37. Deny the allegations set forth in Paragraph 37 of the Complaint and leave Plaintiff to prove.

38. Deny the allegations set forth in Paragraph 38 of the Complaint and leave Plaintiff to prove.

39. Deny the allegations set forth in Paragraph 39 of the Complaint and leave Plaintiff to prove.

40. Deny the allegations set forth in Paragraph 40 of the Complaint and leave Plaintiff to prove.

41. Deny each and every allegation in paragraph 41 of the Complaint and leave Plaintiff to prove.

42. Deny each and every allegation in paragraph 42 of the Complaint and leave Plaintiff to prove.

43. Deny each and every allegation in paragraph 43 of the Complaint and leave Plaintiff to prove.

44. Deny each and every allegation in paragraph 44 of the Complaint and leave Plaintiff to prove.

45. Deny each and every allegation in paragraph 45 of the Complaint and leave Plaintiff to prove.

46. Deny each and every allegation in paragraph 46 of the Complaint and leave Plaintiff to prove.

47. Deny each and every allegation in paragraph 47 of the Complaint and leave Plaintiff to prove.

48. Deny each and every allegation in paragraph 48 of the Complaint and leave Plaintiff to prove.

49. Deny each and every allegation in paragraph 49 of the Complaint and leave Plaintiff to prove.

## COUNT I -- TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

50. The answering Defendants repeat and reallege each and every response set forth in Paragraphs 1 through 49 herein-above in response to the allegations set forth in Paragraph 49 of the Complaint.

51. Deny each and every allegation in paragraph 51 of the Complaint.

52. Deny each and every allegation in paragraph 52 of the Complaint.

53. Deny each and every allegation in paragraph 53 of the Complaint.

54. Deny each and every allegation in paragraph 54 of the Complaint.

55. Deny each and every allegation in paragraph 55 of the Complaint.

56. Deny each and every allegation in paragraph 56 of the Complaint and leave Plaintiff to prove.

## COUNT II -- FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(A) OF THE LANHAM ACT (15 U.S.C. § 1125(A))

57. The answering Defendants repeat and reallege each and every response set forth in Paragraphs 1 through 56 herein-above in response to the allegations set forth in Paragraph 56 of the Complaint.

58. Deny each and every allegation in paragraph 58 of the Complaint.

59. Deny each and every allegation in paragraph 59 of the Complaint.

60. Deny each and every allegation in paragraph 60 of the Complaint.

61. Deny each and every allegation in paragraph 61 of the Complaint.

62. Deny each and every allegation in paragraph 62 of the Complaint.

63. Deny each and every allegation in paragraph 63 of the Complaint.

64. Deny each and every allegation in paragraph 64 of the Complaint.

## COUNT III -- COMMON LAW UNFAIR COMPETITION

65. The answering Defendants repeat and reallege each and every response set forth in Paragraphs 1 through 64 herein-above in response to the allegations set forth in Paragraph 64 of the Complaint.

66. Deny each and every allegation in paragraph 66 of the Complaint.

67. Deny each and every allegation in paragraph 67 of the Complaint.

68. Deny each and every allegation in paragraph 68 of the Complaint.

69. Deny each and every allegation in paragraph 69 of the Complaint and leave Plaintiff to prove.

## COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

70. The answering Defendants repeat and reallege each and every response set forth in Paragraphs 1 through 5696 herein-above in response to the allegations set forth in Paragraph 69 of the Complaint.

71. Deny each and every allegation in paragraph 71 of the Complaint.

72. Deny each and every allegation in paragraph 72 of the Complaint.

73. Deny each and every allegation in paragraph 73 of the Complaint.

74. Deny each and every allegation in paragraph 74 of the Complaint and leave Plaintiff to prove.

## COUNT V -- INFRINGEMENT OF COPYRIGHT

75. The answering Defendants repeat and reallege each and every response set forth in Paragraphs 1 through 74 herein-above in response to the allegations set forth in Paragraph 74 of the Complaint.

76. Deny each and every allegation in paragraph 76 of the Complaint.

77. Deny each and every allegation in paragraph 77 of the Complaint.

78. Deny each and every allegation in paragraph 78 of the Complaint.

79. Deny each and every allegation in paragraph 79 of the Complaint.

80. Deny each and every allegation in paragraph 80 of the Complaint.

81. Deny each and every allegation in paragraph 81 of the Complaint.

82. Deny each and every allegation in paragraph 82 of the Complaint.

83. Deny each and every allegation in paragraph 83 of the Complaint and leave Plaintiff to prove.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE
### failure to state a cause of action

84. Plaintiff's Complaint fails to state a claim upon which relief can be granted. Answering Defendant has only made sales of genuine products.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE
### the first sale doctrine

85. Plaintiff's claims are barred in whole or in part by the First Sale Doctrine. Any products purchased by Answering Defendant is believed to have been purchased from Plaintiff, an authorized reseller, or are otherwise genuine.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE
### statute of limitations/laches

86. Plaintiff's claims are barred in whole or part by the applicable Statute of Limitations and/or doctrine of laches.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
### waiver, acquiescence and estoppel

87. Plaintiff's claims are barred in whole or part by the doctrine of acquiescence, estoppel and waiver.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
### unclean hands

88. Plaintiff's claims are barred in whole or party by unclean hands.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
### failure to mitigate damages

89. Plaintiff has failed to mitigate its damages, if any.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE
### non-infringement

90. Answering Defendants have not infringed any applicable trademark under federal or state law.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE
### no willfulness

91. Without admitting any infringement, Answering Defendants have not willfully infringed on any trademarks-in-suit.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE
### innocent infringement

92. The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, were innocent.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE
### no causation

93. Plaintiff's claims against Answering Defendants are barred because Plaintiff's damages, if any, were not caused by Answering Defendants.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE
### no damage

94. Without admitting that the Complaint states a claim, there has been no damage in any amount, manner, or at all by reason of any act alleged against Answering Defendants in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE
### lack of irreparable harm

95. Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show it will suffer any irreparable harm from answering Defendant's alleged actions

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE
### third party use

96. The claims in the Complaint are barred, in whole or in part, by reason of other parties' use of any marks at issue.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE
### no exceptional case

97. Answering Defendant's actions in defending this case do not give rise to an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117, or other applicable laws.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE
### reservation of rights

98. Answering Defendant reserves the right to amend these separate affirmative defenses and counterclaims upon the completion of appropriate investigation and discovery.

**WHEREFORE**, based upon the foregoing, the answering Defendant prays for an Order be entered:

A. Dismissing each of the claims, and relief requested, in Plaintiff's Complaint in its entirety;

B. Granting the answering Defendant's costs, attorney's fees and expenses incurred defending this matter; and

C. Granting answering Defendant all other appropriate relief

Dated: Queens, New York
October 6, 2022

Respectfully submitted,

**J. ZHANG AND ASSOCIATES, P.C.**

*Attorney for Defendant,*
*Karsaer Vision*

*/s/ Jiyuan Zhang*

Jiyuan Zhang, Esq.
37-12 Prince Street, Ste 9C
Flushing, New York 11354
T: 718.701.5098
contact@jzhanglaws.com
JZ@jzhanglaws.com

## AFFIRMATION OF SERVICE

      I hereby certify that on October 6, 2023, a copy of the foregoing was served on counsel of record and interested parties by electronic means pursuant to the court's Electronic Case Filing (ECF) system.

/s/ Jiyuan Zhang